IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CARRIE M. H.,[1]                                6:20-cv-00999-BR

       Plaintiff,                          OPINION AND ORDER

v.

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.

KATHERINE L. EITENMILLER
MARK A. MANNING
Harder, Wells, Baron & Manning, P.C.
474 Willamette St.
Eugene, OR  97401
(541) 686-1969

      Attorneys for Plaintiff

SCOTT ERIK ASPHAUG
Acting United States Attorney
RENATA GOWIE
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003

_____

    [1] In the interest of privacy this Court uses only the first name and the initial of the last name of the nongovernmental party in this case.  Where applicable, this Court uses the same designation for the nongovernmental party's immediate family member.

**MICHAEL W. PILE**
Acting Regional Chief Counsel
**ERIN F. HIGHLAND**
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900, M/S 221A
Seattle, WA 98104
(206) 615-2495

          Attorneys for Defendant

**BROWN, Senior Judge.**

     Plaintiff Carrie M. H. seeks judicial review of the final decision of the Commissioner of the Social Security Administration (SSA) in which the Commissioner denied Plaintiff's application for Supplemental Security Income (SSI) under Title XVI of the Social Security Act.  This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

     For the reasons that follow, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings.


                    **ADMINISTRATIVE HISTORY**

     On September 21, 2016, Plaintiff protectively filed her applications for SSI benefits under Title XVI and for Disability Insurance Benefits (DIB) under Title II of the SSA Act.  Tr. 29,

2 - OPINION AND ORDER

163, 170.[2]  Plaintiff alleges a disability onset date of January 1, 2016.  Tr. 29, 163, 170.  Plaintiff's applications were denied initially and on reconsideration.  An Administrative Law Judge (ALJ) held a hearing on October 22, 2018.  Tr. 45-71.  At the hearing Plaintiff withdrew her application for DIB benefits. Tr. 29, 50-51.  Plaintiff and a vocational expert (VE) testified at the hearing.  Plaintiff was represented by an attorney at the hearing.

On January 16, 2019, the ALJ issued an opinion in which he found Plaintiff is not disabled and, therefore, is not entitled to benefits.  Tr. 29-40.  Plaintiff requested review by the Appeals Council.  On April 24, 2020, the Appeals Council denied Plaintiff's request to review the ALJ's decision, and the ALJ's decision became the final decision of the Commissioner. Tr. 1-4.

On June 22, 2020, Plaintiff filed a Complaint in this Court seeking review of the Commissioner's decision.

---

[2] Citations to the official Transcript of Record (#13) filed by the Commissioner on January 12, 2021, are referred to as "Tr."

3 - OPINION AND ORDER

## BACKGROUND

Plaintiff was born on June 12, 1984.  Tr. 38, 163, 170.
Plaintiff was 31 years old on her alleged disability onset date.
Tr. 38.  Plaintiff has at least a high-school education.
Tr. 38.  Plaintiff has past relevant work experience as a
cashier and dog-groomer.  Tr. 38.

Plaintiff alleges disability due to Post-Traumatic Stress
Disorder (PTSD), depression, and a knee injury.  Tr. 75.

Except as noted, Plaintiff does not challenge the ALJ's
summary of the medical evidence.  After carefully reviewing the
medical records, this Court adopts the ALJ's summary of the
medical evidence.  *See* Tr. 32-38.

## STANDARDS

The initial burden of proof rests on the claimant to
establish disability.  *Molina v. Astrue*, 674 F.3d 1104, 1110
(9th Cir. 2012).  To meet this burden a claimant must
demonstrate her inability "to engage in any substantial gainful
activity by reason of any medically determinable physical or
mental impairment which . . . has lasted or can be expected to
last for a continuous period of not less than 12 months."  42
U.S.C. § 423(d)(1)(A).  The ALJ must develop the record when

there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence.  *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole.  42 U.S.C. § 405(g).  *See also Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012).  Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion."  *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)).  "It is more than a mere scintilla [of evidence] but less than a preponderance."  *Id.* (citing *Valentine*, 574 F.3d at 690).

The ALJ is responsible for evaluating a claimant's testimony, resolving conflicts in the medical evidence, and resolving ambiguities.  *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009).  The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision.  *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008).  Even when the evidence is susceptible to more than

one rational interpretation, the court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record. *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012). The court may not substitute its judgment for that of the Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

### I.   The Regulatory Sequential Evaluation

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity (SGA). 20 C.F.R. § 416.920(a)(4)(i). *See also Keyser v. Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments. 20 C.F.R. § 416.920(a)(4)(ii). *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. 20 C.F.R.

§ 416.920(a)(4)(iii). *See also Keyser*, 648 F.3d at 724. The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, he must assess the claimant's residual functional capacity (RFC). The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite her limitations. 20 C.F.R. § 416.920(e). *See also* Social Security Ruling (SSR) 96-8p. "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule." SSR 96-8p, at *1. In other words, the Social Security Act does not require complete incapacity to be disabled. *Taylor v. Comm'r of Soc. Sec. Admin.,* 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work she has done in the past. 20 C.F.R. § 416.920(a)(4)(iv). *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, he must determine whether the claimant is able to do any other work that exists in

the national economy.  20 C.F.R. § 416.920(a)(4)(v).  *See also*
*Keyser*, 648 F.3d at 724-25.  Here the burden shifts to the
Commissioner to show a significant number of jobs exist in the
national economy that the claimant can perform.  *Lockwood v.*
*Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).
The Commissioner may satisfy this burden through the testimony
of a VE or by reference to the Medical-Vocational Guidelines (or
the grids) set forth in the regulations at 20 C.F.R. part 404,
subpart P, appendix 2.  If the Commissioner meets this burden,
the claimant is not disabled.  20 C.F.R. § 416.920(g)(1).


## ALJ'S FINDINGS

At Step One the ALJ found Plaintiff has not engaged in
substantial gainful activity since January 1, 2016, Plaintiff's
alleged disability onset date.  Tr. 31.

At Step Two the ALJ found Plaintiff has the severe
impairments of major depressive disorder, PTSD, and a
generalized anxiety disorder.  Tr. 31.

At Step Three the ALJ concluded Plaintiff's medically
determinable impairments do not meet or medically equal one of
the listed impairments in 20 C.F.R. part 404, subpart P,
appendix 1.  Tr. 32.  The ALJ found Plaintiff has the RFC to

perform a full range of work at all exertional levels with the
following nonexertional limitations:  can only perform simple
tasks with a reasoning level of two or less; can only make
simple work-related decisions; can only occasionally interact
with supervisors and coworkers; and cannot interact with the
general public.  Tr. 34.

At Step Four the ALJ concluded Plaintiff is unable to
perform her past relevant work.  Tr. 38.

At Step Five the ALJ found Plaintiff can perform other jobs
that exist in the national economy such as housekeeping-cleaner,
packing-line worker, and production-assembler.  Tr. 39.
Accordingly, the ALJ found Plaintiff is not disabled.  Tr. 39-
40.


## DISCUSSION

Plaintiff contends the ALJ erred when he (1) failed to
provide legally sufficient reasons for discounting the medical
opinions of Manuel Gomes, Ph.D., an examining psychologist, and
Ruth Wood, Plaintiff's treating Qualified Mental Health
Practitioner (QMHP); (2) failed to provide legally sufficient
reasons for discounting Plaintiff's symptom testimony; and
(3) failed to provide legally sufficient reasons for discounting

the lay-witness testimony of Jill Graves, Plaintiff's friend.

**I.    The ALJ erred in his assessment of the medical opinions of Dr. Gomes and QMHP Wood.**

Plaintiff contends the ALJ erred when he failed to provide legally sufficient reasons for discounting the medical opinions of Dr. Gomes and QMHP Wood regarding Plaintiff's limitations.

**A.    Standards**

"In disability benefits cases . . . physicians may render medical, clinical opinions, or they may render opinions on the ultimate issue of disability - the claimant's ability to perform work." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014).  "In conjunction with the relevant regulations, [courts] have . . . developed standards that guide [the] analysis of an ALJ's weighing of medical evidence." *Ryan v. Comm'r of Soc. Sec.,* 528 F.3d 1194, 1198 (9th Cir. 2008).

"If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Id.*  When contradicted, a treating or examining physician's opinion is still owed deference and will often be "entitled to the greatest weight . . . even if it does not meet the test for controlling weight." *Orn v. Astrue,* 495 F.3d 625, 633 (9th Cir. 2007).  An

10 - OPINION AND ORDER

ALJ can satisfy the "substantial evidence" requirement by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick,* 157 F.3d at 725.  "The ALJ must do more than state conclusions.  He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Id.* (citation omitted).

Medical sources are divided into two categories: "acceptable medical sources" and "other sources."  20 C.F.R. § 416.913.  Acceptable medical sources include licensed physicians and psychologists.  20 C.F.R. § 416.913(a).  Medical sources classified as "other sources" include, but are not limited to, nurse practitioners, therapists, licensed clinical social workers, and chiropractors.  20 C.F.R. § 416.913(d).

With respect to "other sources," the Social Security Administration Regulations provide:

> With the growth of managed health care in recent years and the emphasis on containing medical costs, medical sources who are not acceptable medical sources, such as nurse practitioners, physician assistants, and licensed clinical social workers, have increasingly assumed a greater percentage of the treatment and evaluation functions previously handled primarily by physicians and psychologists.  Opinions from these medical sources, who are not technically deemed acceptable medical sources under our rules, are important and should be evaluated on

key issues such as impairment severity and
functional effects, along with the other relevant
evidence in the file.

SSR 06-03p, at *3.  Factors the ALJ should consider when
determining the weight to give an opinion from those "important"
sources include the length of time the source has known the
claimant, the number of times and frequency that the source has
seen the claimant, the consistency of the source's opinion with
other evidence in the record, the relevance of the source's
opinion, the quality of the source's explanation of his opinion,
and the source's training and expertise.  SSR 06-03p, at *4.  On
the basis of the particular facts and the above factors the ALJ
may assign an "other source" either greater or lesser weight
than that of an acceptable medical source.  SSR 06-03p, at *5-6.
The ALJ, however, must explain the weight assigned to such
sources so that a claimant or subsequent reviewer may follow the
ALJ's reasoning.  SSR 06-03p, at *6.  "The ALJ may discount
testimony from . . . 'other sources' if the ALJ 'gives reasons
germane to each witness for doing so.'"  *Molina*, 674 F.3d at
1111 (quoting *Turner v. Comm'r Soc. Sec. Admin.*, 613 F.3d 1217,
1224 (9th Cir. 2010)).

**B.   Analysis**

**1.   Dr. Gomes**

On March 9, 2017, Dr. Gomes performed a consultative psychological examination of Plaintiff.  Tr. 346-53.  Dr. Gomes diagnosed Plaintiff with PTSD, general anxiety, and "major depression, recurrent, moderate."  Tr. 351.  He opined Plaintiff is impaired in her ability to perform detailed and complex tasks and "would have difficulty despite her capabilities."  Tr. 352. He also noted Plaintiff is able to accept instructions from supervisors, but her ability to interact with coworkers and the public is impaired and she would have difficulty with such interaction because she is "easily triggered" with anxiety and PTSD.  Tr. 352.  Dr. Gomes also opined Plaintiff's ability to perform work activities on a consistent basis, to maintain regular attendance, to complete a normal workday/workweek, and to deal with usual stress in the workplace is impaired. Tr. 352-53.

The ALJ gave "partial weight" to Dr. Gomes's opinion that Plaintiff is unable to interact with coworkers or the public, to perform a normal workweek, to handle workplace stress, or to perform work without supervision.  Tr. 37.  The ALJ, however, concluded Plaintiff is able to perform simple

tasks, and the ALJ noted Dr. Gomes did not specify the severity

of Plaintiff's limitations in other aspects of her functioning.

Tr. 37.  The ALJ stated:

> [F]inding [Plaintiff] incapable of interacting
> with coworkers would be inconsistent with
> [Plaintiff's] pleasant behavior, ability to
> function with her family and close friends, as
> well as the absence of evidence showing that
> [Plaintiff] behaved inappropriately toward her
> healthcare providers.  Furthermore, although
> [Plaintiff] has experienced high levels of
> stress, particularly when going out in public,
> the record contains no evidence that she has been
> incapable of caring for herself, caring for her
> family, or attending appointments as needed.

Tr. 37.

        The evidence that Plaintiff is able to function in her

home with family and friends or appropriately interact with

healthcare providers, however, does not contradict Dr. Gomes's

opinion that Plaintiff cannot interact with coworkers, perform

work activities on a consistent basis, complete a normal workday

or workweek, or deal with stress in the workplace.  Without a

showing that Plaintiff's abilities to function at home are

"transferable to what may be the more grueling environment of

the workplace," such abilities do not constitute specific and

legitimate evidence that she would function as well in the

workplace.  *Trevizio v. Berryhill*, 871 F.3d 664, 682 (9th Cir.

2017).

The Court notes Dr. Gomes's opinion is consistent with and supported by his own observations that Plaintiff did not respond to the use of humor, maintained only moderate eye contact, and presented with a depressed mood and congruent affect.  Tr. 350.  Dr. Gomes's opinion is also consistent with the other objective findings by QMHP Wood that Plaintiff demonstrated an anxious and fearful demeanor, she avoided eye contact, she had difficulty with life decisions, and her thought content was notable for worry/rumination.  Tr. 319.

On this record the Court concludes the ALJ erred when he discounted Dr. Gomes's opinion because the ALJ did not provide legally sufficient reasons supported by substantial evidence in the record for doing so.

### 2.  QMHP Wood

On August 28, 2018, QMHP Wood completed a Treating Source Statement for Plaintiff.  Tr. 499-505.  QMHP Wood began treating Plaintiff in April 2016 for "interventions in coping skills for trauma, behavior activation problem solving, emotional processing, cognitive restructuring, and assertiveness to manage anxiety and depression."  Tr. 499.  QMHP Wood noted Plaintiff feels safe at home, but she is hyper-anxious and vigilant in public.  QMHP Wood opined if Plaintiff worked with

15 - OPINION AND ORDER

the public, it would trigger extreme anxiety and fear that she
could run into her former abuser (later described by her as her
ex-husband).  QMHP Wood, however, stated Plaintiff could get
along with coworkers and supervisors.
Tr. 500.

     QMHP Wood also opined Plaintiff would have difficulty
working an eight-hour workday because she can be "easily
triggered" and overwhelmed with anxiety and she would have
difficulty concentrating in such circumstances.  Tr. 500.
QMHP Wood also concluded Plaintiff's difficulty with
concentration would interfere with her performance of complex
tasks.  Tr. 500-01.  QMHP Wood also opined Plaintiff's sleep
disturbances would "compromise" her ability to be consistent at
work, and Plaintiff's anxiety would force her to leave the
workplace.  Tr. 500-01.  QMHP Wood found Plaintiff has moderate
impairment in her ability to understand, to remember, and to
carry out complex instructions; to make judgments on complex
work-related decisions; and to interact appropriately with the
public.  Tr. 504.  QMHP Wood also found Plaintiff has mild
impairment in her ability to understand, to remember, and to
carry out simple instructions; to respond appropriately to
unusual work situations; and to handle changes in routine work

16 - OPINION AND ORDER

settings.  Tr. 504.

The ALJ gave "partial weight" to QMHP Wood's
assessment that Plaintiff would have difficulty working a full
workday on the ground that it is inconsistent with Plaintiff's
ability to spend hours on daily chores, meal preparation, and
caring for her children.  Tr. 37.  The ALJ, however, pointed out
that the record does not reflect any emergency treatment for an
acute exacerbation of Plaintiff's symptoms that would support
Plaintiff's inability to complete a normal workday.  Tr. 37.

As noted, the ALJ acknowledged Plaintiff "has
experienced high levels of stress, particularly when going out
in public," and that she isolates at home.  Tr. 36-37.  Again,
the ALJ focused on Plaintiff's ability to function in her home,
but he disregarded the limitations Plaintiff experiences in a
public setting as noted by both QMHP Wood and Dr. Gomes.

On this record the Court concludes the ALJ erred when
he discounted QMHP Wood's opinion because the ALJ did not
provide legally sufficient reasons supported by substantial
evidence in the record for doing so.

**II.  The ALJ erred when he failed to provide legally sufficient
     reasons for discounting Plaintiff's subjective symptom
     testimony.**

Plaintiff contends the ALJ erred when he failed to provide

17 - OPINION AND ORDER

legally sufficient reasons for discounting Plaintiff's
subjective symptom testimony.

**A.    Standards**

The ALJ engages in a two-step analysis to determine
whether a claimant's testimony regarding subjective pain or
symptoms is credible.  "First, the ALJ must determine whether
the claimant has presented objective medical evidence of an
underlying impairment 'which could reasonably be expected to
produce the pain or other symptoms alleged.'"  *Garrison v.
Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014)(quoting *Lingenfelter
v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007)).  The
claimant need not show his "impairment could reasonably be
expected to cause the severity of the symptom [he] has alleged;
[he] need only show that it could reasonably have caused some
degree of the symptom."  *Garrison*, 759 F.3d at 1014 (quoting
*Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996)).  A
claimant is not required to produce "objective medical evidence
of the pain or fatigue itself, or the severity thereof."
*Garrison*, 759 F.3d at 1014.

If the claimant satisfies the first step of this
analysis and there is not any affirmative evidence of
malingering, "the ALJ can reject the claimant's testimony about

the severity of [his] symptoms only by offering specific, clear and convincing reasons for doing so." *Garrison*, 759 F.3d at 1014-15.  *See also Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006)(same).  General assertions that the claimant's testimony is not credible are insufficient.  *Parra v. Astrue,* 481 F.3d 742, 750 (9th Cir. 2007).  The ALJ must identify "what testimony is not credible and what evidence undermines the claimant's complaints."  *Id*. (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)).

**B.   Analysis**

On December 28, 2016, Plaintiff indicated in her Adult Function Report that she has difficulties with concentration, sleep, and being in public places.  Tr. 222.  She noted her high anxiety makes it difficult for her to go to the store or to be away from home.  Tr. 222.  She also stated her depression and PTSD prevent her from functioning normally outside of her home. Tr. 222.  Plaintiff, however, is able to care for herself and her children, to attend therapy sessions, and to do household chores.  Tr. 223.  She generally tries to "stay near [her] home."  Tr. 223.  Plaintiff indicated she goes outside once a week, but she tries "to avoid it."  Tr. 225.  She prefers not to go out alone, gets "very stressed" when she goes out alone, and

often has a friend go out with her.  Tr. 225.  Plaintiff
indicates her impairments make it difficult to focus, to
remember, to understand, and to concentrate.  Tr. 227.

At the hearing on October 22, 2018, Plaintiff
testified she had not worked since 2011 due to "the anxiety and
stress of having a regular job" and because she does not feel
safe in public.  Tr. 54.  Plaintiff stated her depression,
anxiety, and PTSD developed from a previous unhealthy
relationship with her ex-husband.  Tr. 55.  She feels "anxious
and stressed" when she goes out in public because she is afraid
she will encounter her ex-husband, and she is hypervigilant and
tries not to be by herself.  Tr. 57-58.  Plaintiff attends
therapy sessions every other week and participates in parent-
teacher conferences for her children, but she generally spends
her days at home cleaning and taking care of her children.
Tr. 57, 60-61.

The ALJ concluded Plaintiff's testimony is "only
partially consistent" with other evidence in the record and does
not support a finding of disability.  Tr. 35.  For example, the
ALJ noted Plaintiff does not need reminders for self-care or to
take medication, and she manages her finances on her own.
Tr. 36.  The ALJ noted Plaintiff spends one-to-three hours

preparing complete meals for her family, 30 minutes-to-two hours performing housework, cares for her children, and goes on weekly shopping trips lasting one or two hours.  Tr. 36.  In addition, Linda Graves, Plaintiff's friend, described Plaintiff as highly involved with her family.  The ALJ noted Dr. Gomes described Plaintiff as cooperative, and the record does not reflect Plaintiff ever behaved "inappropriately" towards her healthcare providers.  Tr. 36, 350.  The ALJ also relied on Plaintiff's own statement that she can pay attention for one or two hours, and Linda Graves also described Plaintiff's attention as good. Tr. 36.

As previously pointed out, evidence that Plaintiff is able to function in her home with family and friends or appropriately interact with healthcare providers does not contradict her testimony regarding the stress she experiences in public.  The Court again notes without a showing that Plaintiff's activities at home are "transferable to what may be the more grueling environment of the workplace," such activities do not constitute legally sufficient evidence for discounting Plaintiff's testimony.  *Trevizio v. Berryhill*, 871 F.3d at 682.

On this record the Court finds the ALJ erred when he discounted Plaintiff's subjective symptom testimony because the

21 - OPINION AND ORDER

ALJ did not provide legally sufficient reasons supported by substantial evidence in the record for doing so.

## III. The ALJ failed to provide germane reasons for discounting the lay-witness testimony of Linda Graves.

Plaintiff contends the ALJ failed to provide legally sufficient reasons for discounting the lay-witness testimony of Linda Graves, Plaintiff's friend.  The Commissioner, in response, concedes the ALJ failed to provide a germane reason for discounting the lay-witness testimony, but the Commissioner contends such error was harmless.

### A.   Standards

Lay-witness testimony regarding a claimant's symptoms is competent evidence that the ALJ must consider unless he "expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." *Lewis v. Apfel,* 236 F.3d 503, 511 (9th Cir. 2001).  The ALJ's reasons for rejecting lay-witness testimony must also be "specific." *Stout v. Comm'r, Soc. Sec. Admin.,* 454 F.3d 1050, 1054 (9th Cir. 2006).  Germane reasons for discrediting a lay-witness's testimony include inconsistency with the medical evidence and the fact that the testimony "generally repeat[s]" the properly discredited testimony of a claimant.  *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005).  *See also Williams v. Astrue*,

493 F. App'x 866 (9th Cir. 2012).

   **B.   Analysis**

        On December 28, 2016, Graves completed a Third-party
Function report.  Tr. 233-40.  She indicated Plaintiff has good
attention unless she is distracted by being in a group of
people.  Tr. 238.  She also stated Plaintiff's ability to
perform her personal care is not limited and Plaintiff spends
her time maintaining her household and caring for her children.
Tr. 233, 234-36.

        The ALJ gave "partial weight" to Graves's statements
on the ground that she "has not provided a function-by-function
assessment" of Plaintiff's limitations.  Tr. 38.  As noted, the
Commissioner concedes this does not constitute a germane reason
for discounting Graves's statement.  The Commissioner, however,
contends this error is harmless.  The Commissioner asserts
Graves's statements are relatively consistent with Plaintiff's
testimony regarding her symptoms, and the Court should conclude
Graves's statements are unsupported to the extent that the Court
concludes the ALJ properly discounted Plaintiff's testimony.
See *Molina*, 674 F.3d at 1122 (discounting lay-witness testimony
without reason "is harmless where the same evidence that the ALJ
referred to in discrediting [the claimant's] claims also

discredits [the lay-witness's] claims.").

        As noted, the Court has concluded the ALJ erred when he discounted Plaintiff's testimony and failed to provide legally sufficient reasons for doing so.  The Commissioner concedes the ALJ discounted Graves's testimony for reasons that were not legally sufficient.  Accordingly, the Court concludes the ALJ failed to provide any legally sufficient reasons for discounting Graves's testimony and finds such error is not harmless.


## REMAND

    The decision whether to remand for further proceedings or for payment of benefits generally turns on the likely utility of further proceedings.  *Carmickle*, 533 F.3d at 1179.  The court may "direct an award of benefits where the record has been fully developed and where further administrative proceedings would serve no useful purpose."  *Smolen*, 80 F.3d at 1292.

    The Ninth Circuit has established a three-part test "for determining when evidence should be credited and an immediate award of benefits directed."  *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000).  The court should grant an immediate award of benefits when

> (1) the ALJ has failed to provide legally sufficient
> reasons for rejecting such evidence, (2) there are no
> outstanding issues that must be resolved before a
> determination of disability can be made, and (3) it is
> clear from the record that the ALJ would be required
> to find the claimant disabled were such evidence
> credited.

*Id.*  The second and third prongs of the test often merge into a
single question:  Whether the ALJ would have to award benefits
if the case were remanded for further proceedings.  *Id.* at 1178
n.2.

The decision whether to remand for further proceedings or
for payment of benefits generally turns on the likely utility of
further proceedings.  *Carmickle*, 533 F.3d at 1179.  The court
may "direct an award of benefits where the record has been fully
developed and where further administrative proceedings would
serve no useful purpose."  *Smolen*, 80 F.3d at 1292.

The Ninth Circuit has established a three-part test "for
determining when evidence should be credited and an immediate
award of benefits directed."  *Harman v. Apfel*, 211 F.3d 1172,
1178 (9th Cir. 2000).  The court should grant an immediate award
of benefits when

> (1) the ALJ has failed to provide legally sufficient
> reasons for rejecting such evidence, (2) there are no
> outstanding issues that must be resolved before a
> determination of disability can be made, and (3) it is
> clear from the record that the ALJ would be required
> to find the claimant disabled were such evidence

25 - OPINION AND ORDER

credited.

*Id.*  The second and third prongs of the test often merge into a single question:  Whether the ALJ would have to award benefits if the case were remanded for further proceedings.  *Id.* at 1178 n.2.

Here the Court has concluded the ALJ failed to provide legally sufficient reasons for discounting the medical opinions of Dr. Gomes and QMHP Wood, for discounting Plaintiff's symptom testimony, and for discounting the lay-witness testimony of Graves.  The Court, therefore, cannot conclude at this stage whether the ALJ would be required to find Plaintiff is disabled in light of these errors.

Accordingly, the Court remands this matter for further administrative proceedings consistent with this Opinion and Order.

## CONCLUSION

For these reasons, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter pursuant to sentence four

of 42 U.S.C. § 405(g) for further administrative proceedings.

IT IS SO ORDERED.

DATED this 21st day of July, 2021.


/s/ Anna J. Brown
_____
ANNA J. BROWN
United States Senior District Judge

27 - OPINION AND ORDER